**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ATLAS HEAVY LLC D/B/A ATLAS HEAVY TRANSPORT LLC, ATLAS HEAVY PROJECTS LLC** | §<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-02586** |
| *Plaintiffs,* | §<br>§ | |
| **vs.** | §<br>§ | **Jury Demand** |
| **AWGI, LLC, ATLAS LOGISTICS, INC. AND ATLAS VAN LINES, INC.,** | §<br>§<br>§<br>§ | |
| *Defendants.* | § | |

**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs ATLAS HEAVY LLC d/b/a Atlas Heavy Transport LLC and ATLAS HEAVY PROJECTS LLC (collectively, "ATLAS HEAVY" or "Plaintiffs"), by and through their undersigned counsel, file this Amended Complaint against Defendants AWGI, LLC ("AWGI"), Atlas Logistics, Inc. ("Atlas Logistics"), and Atlas Van Lines, Inc. ("Atlas Van Lines, Inc.") (collectively "Defendants" or the "AWGI Parties"), and in support thereof allege and state as follows:

## I.    INTRODUCTION

1.    This is an action brought under the Federal Declaratory Judgment Act and Lanham Act and requests a declaration of non-infringement.

2.    On March 16, 2026, ATLAS HEAVY received a cease-and-desist letter sent by AWGI—baselessly alleging that Atlas Heavy is infringing AWGI's purported trademarks "ATLAS" and "ATLAS LOGISTICS." ATLAS HEAVY is not and brings this action to judicially establish that undeniable truth and protect its business and legitimate rights.

3.      ATLAS HEAVY LLC is a Houston-based asset-based heavy transport company that specializes in the movement of massively over-dimensional and superheavy industrial cargo requiring extensive engineering analysis, specialized heavy-haul equipment, and complex logistical coordination. ATLAS HEAVY is not a "commodity" mover and is not in the "consumer" business. The pictures below depict one of ATLAS HEAVY LLC's projects:[1]





4.      ATLAS HEAVY PROJECTS LLC is a non-asset-based international project cargo freight forwarder that handles the chartering of ships, barges, and supply vessels necessary for its

---

[1] For the transport shown in the above photos, ATLAS HEAVY used both a pull-truck and push-truck, and 22 lines of Goldhofer SL platform trailers. In addition, ATLAS HEAVY had to install special hydraulic dollies, which could be adjusted based on the width of the bridge girders, to spread the weight of the load and prevent collapse (and were specifically designed for this transport in conjunction with Texas DOT Bridge Engineering). Accompanying bucket trucks and mobile cranes were used to raise overhead lines and traffic signals.

factory-to-foundation super-heavy moves. The pictures below depict certain of ATLAS HEAVY

PROJECTS LLC's projects:





---

[2] ATLAS HEAVY chartered a geared breakbulk vessel from China to Cape Canaveral. The tank is being off-loaded by the ship's cranes onto ATLAS HEAVY'S Goldhofer hydraulic platform trailers and will be pulled to the launch pad via ATLAS HEAVY'S prime mover.

[3] This picture shows the loading of a one-million-pound tank in Oklahoma onto a barge destined for California via the Panama Canal. ATLAS HEAVY's engineered and fabricated staging equipment is shown in the foreground. The tank was secured to the barge by ATLAS HEAVY to withstand G-forces, wind speeds, and ocean wave movements through the Gulf and Pacific Ocean (and all acceleration forces were calculated and the securement methods designed to those specifications).

---





5.      The complex engineering required for ATLAS HEAVY's transports gave rise to its

tagline "…*engineered to move.*"

---

[4] This picture shows the one-million-pound tank rolling off the barge in Vandenberg, California. ATLAS HEAVY's bridge jumpers allow the transition from the barge to the ground. Specialized trunnions, engineered and fabricated by ATLAS HEAVY, are bolted to the tank saddles.

[5] This picture shows transport of the one-million-pound tank to Vandenberg Space Force Base on 24 lines of ATLAS HEAVY's Goldhofer self-propelled electronically steered remote controlled hydraulic trailers. The entire road had to be inspected for suitable ground-bearing pressure. The section of road in front of the tank was not suited for the weight of the load and had to be completely steel-plated to avoid potential damage to or collapse of the infrastructure.

6. ATLAS HEAVY LLC and ATLAS HEAVY PROJECTS LLC are referred to together as ATLAS HEAVY in operation and are known in the industry—and by their sophisticated, institutional customers—as ATLAS HEAVY. Together, ATLAS HEAVY has both international project cargo freight forwarding capability and the assets necessary for heavy haul and rigging—allowing for a unique factory-to-foundation service for exceptionally oversized, super-heavy cargo.

7. Simply put, there is no confusing ATLAS HEAVY for the AWGI Parties:



## II.   PARTIES

8. Plaintiff ATLAS HEAVY LLC is a limited liability company organized under the laws of the state of Texas, with its principal place of business in Houston, Texas.

9. Plaintiff ATLAS HEAVY PROJECTS LLC is a limited liability company organized under the laws of the state of Texas, with its principal place of business in Houston, Texas.

10. Defendant AWGI, LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in St. Louis, Missouri. It may be served through its registered agent CSC–Lawyers Incorporating Service Company, located at 221 Bolivar St., Jefferson City, MO 65101.

11.     Defendant Atlas Logistics, Inc. is an Indiana corporation, with its principal place of business in Evansville, Indiana. It may be served through its registered agent Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

12.     Defendant Atlas Van Lines, Inc. is a Delaware corporation, with its principal place of business in Evansville, Indiana. It may be served through its registered agent James K. McMurray, 1212 Saint George Rd., Evansville, IN 47711, or wherever else he may be found.

## III.    JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. § 1051 *et seq*.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to Plaintiffs' claims occurred in Houston, Texas. ATLAS HEAVY conducts commercial activities associated with the use of the "ATLAS HEAVY" name—including operating the business, executing customer contracts and interfacing with customers, and other related services—in this District.

## IV.    FACTUAL BACKGROUND

A.     **ATLAS HEAVY Specializes in Transport and Setting of Exceptionally Oversized and Super-Heavy Project Cargo.**

15.     ATLAS HEAVY does not market itself or its services under the name "Atlas" and does not give any distinct or separate priority in marketing itself and its services to the term "Atlas." ATLAS HEAVY markets itself and its services as "ATLAS HEAVY":[6]

---

[6] Consistent with this, ATLAS HEAVY's website is "atlas-heavy.com."



16.     ATLAS HEAVY is ATLAS HEAVY for a reason. Nearly all ATLAS HEAVY transports exceed the legal weight limit of 80,000 pounds for cargo and equipment and most are "super loads." While the threshold for a super load varies by state, the term generally refers to transports of 250,000 pounds or more—*i.e.*, more than three times the weight of an 18-wheeler load.

17.     ATLAS HEAVY's project cargo shipments require intensive and complex engineering, transport, and route calculations, and planning for permitting—all handled by ATLAS HEAVY—as shown and described herein.

18.     Examples of ATLAS HEAVY cargo projects include transformers weighing 300,000-400,000 pounds, a 600,000-pound ship's rudder, the dismantling and transport of an entire gas power plant, a 200' long industrial cold box, and the transport and foundation setting of exceptionally large cryogenic tanks weighing one-million pounds:[7]

---

[7] *See also supra* ¶¶ 3-4.





---

[8] Transformer delivery on a 16-line Goldhofer SL hydraulic platform trailer with a Goldhofer removable gooseneck attachment to distribute weight from the trailer onto the prime mover.

[9] Transport of a 600,000-pound ship's rudder. The cargo's center of gravity had to be calculated and support beams installed for safe loading and transport.





19.    ATLAS HEAVY also sets the transported cargo onto their foundations at the destination, which requires highly specialized equipment and personnel. This equipment includes self-propelled remote-controlled and electronically steered hydraulic trailers, 400-ton and 700-ton

---

[10] Power plant equipment being transported the wrong way on a highway exit to avoid an overpass that the cargo would not be able to clear.
[11] Cold boxes being pulled from the port in Toledo, Ohio for a new gas plant. ATLAS HEAVY used a 10-line Goldhofer DR hydraulic platform trailer at 20-foot width.

gantries, and a 500-ton jack-and-slide system for use in spaces where cranes cannot operate. For example:





---

[12] Cryogenic tank being offloaded from ATLAS HEAVY's self-propelled trailers by ATLAS HEAVY's 400-ton gantry is shown. The tank will travel via ATLAS HEAVY's gantry over the foundations and then be set in place to a tolerance of 1/16" of an inch.

[13] Double-wide self-propelled electronically steered remote-controlled trailers are shown. Bridge jumpers and steel plates are placed over a culvert to avoid crushing the concrete culvert.

---



20.     Where ATLAS HEAVY's project cargo shipments are too large to move over-the-road, or over-the-road shipment is otherwise not possible, ATLAS HEAVY performs the planning and engineering necessary to ensure the safe movement of that cargo by other means (*e.g.*, barge).



---

[14] Moon Lander delivery to NASA's Johnson Space Center with two Goldhofer self-propelled hydraulic trailers, which were just offloaded from a barge loaded by ATLAS HEAVY in Cape Canaveral.
[15] ATLAS HEAVY was commissioned to provide a comprehensive transportation solution, spanning from the factory in India to the construction site foundation on the Caribbean Island of Antigua.

21.    The sizes and dimensions of the project cargo transported by ATLAS HEAVY often require that ATLAS HEAVY design and fabricate project-specific transport saddles and other specialized equipment to support and secure the super-heavy and oversized cargo.

**B.    ATLAS HEAVY'S Specialized Assets.**

22.    The oversized and super-heavy project cargo that ATLAS HEAVY transports does not fit into closed trailers, and ATLAS HEAVY does not own or broker any closed trailers for transport of cargo.

23.    ATLAS HEAVY's prime movers are custom-designed and built. While standard semi-tractors have three axles and a standard gear box, ATLAS HEAVY's prime movers have four axles and planetary gears with auxiliary transmission, which provide the extremely high torque density needed to move loads of one-million pounds. The frames on ATLAS HEAVY's prime movers are also custom engineered, as they must be able to withstand the forces exerted by the super-heavy cargo.

25. ATLAS HEAVY also owns specially designed and custom-built 10' wide Trail-Eze trailers, with on-board winch operation and a capacity of 80,000 pounds—which are used to transport ATLAS HEAVY's own equipment to the project sites. Finally, ATLAS HEAVY uses Goldhofer PST self-propelled hydraulic platform trailers with remote-controlled electronic steering. These self-propelled trailers can turn on their own axis, which allows for carousel, transverse, and even crab steering to maneuver oversized and super-heavy loads in confined spaces or on and off a barge.

26. ATLAS HEAVY's hydraulic modular platform trailers are custom configured for every transport and often utilize between 54 and 200 tires on the ground, versus a typical 18-wheeler. ATLAS HEAVY does not move the individual parts that might fit on an 18-wheeler, but the entire assembled structure.

**C.      ATLAS HEAVY'S Customers Are Highly Sophisticated Institutions—and Interface with ATLAS HEAVY via their Engineering Departments, Project Management Teams, and Plant/Site Management.**

27.      ATLAS HEAVY's customers are leading institutional players in the aerospace, LNG, hydrogen, power, and heavy manufacturing industries. The customer personnel responsible for contracting and interfacing with ATLAS HEAVY are within those customers' engineering departments, project management teams, and plant/site management.

28.      ATLAS HEAVY's marketing is business-to-business—with marketing channels specific to engineering departments, plant/site management, and over-sized project cargo owners. ATLAS HEAVY exhibits at the annual Breakbulk Conference, which is the conference for heavy haul and rigging companies, barge companies, and project cargo vessel owners—all centered around heavy project cargo. At the 2025 Breakbulk Conference, ATLAS HEAVY was awarded *Best Use of Heavy Haul Equipment* for its transport project to move two separate one-million-pound vessels. Notably, the AWGI Parties do not feature at or attend the Breakbulk Conference.

29.      Before a contract is awarded to ATLAS HEAVY, many hours—sometimes weeks' or months' worth—of engineering and design of a solution are required to prepare a proposal for contracting. After a contract is awarded to ATLAS HEAVY, additional engineering, fabrication, and configuration of specialized equipment takes place before the transport. Further complex planning—such as route surveys, site planning, ground bearing pressure testing, bridge engineering, and turn analysis—is also required to ensure the route infrastructure can withstand

the super-heavy weight and oversized dimensions of the transport. All of this takes place between ATLAS HEAVY and its sophisticated, institutional customers.

**D.      The AWGI Parties and AWGI's Cease and Desist Letter.**

30.      By cease-and-desist letter dated March 10, 2026—but received by ATLAS HEAVY on March 16, 2026—AWGI alleges that ATLAS HEAVY "is infringing AWGI's … trademarks ATLAS and ATLAS LOGISTICS." A copy of AWGI's cease-and-desist letter is attached as **Exhibit A** hereto. AWGI claims to be the "assignee of Atlas Van Lines, Inc. and Atlas Investment Company, Inc." and "owner of the ATLAS and ATLAS LOGISTICS marks …." AWGI specifically references Registration Nos. 4,737,616; 3,718,117; and 4,229,378 (the "Asserted Marks").

31.      AWGI threatens that, unless ATLAS HEAVY "immediately cease[s] such infringing activity, desist[s] from such infringing activity in the future, and compl[ies] with AWGI's other requirements," it is "prepared to take all steps necessary," including "the right to seek injunctive relief and recover monetary damages."

32.      Setting aside that the word "ATLAS" is widely used in the transportation services industry,[16] the AWGI Parties do not operate in the specialized heavy-haul transportation market in which ATLAS HEAVY operates. Nor do the AWGI Parties transport massively over-dimensional, high-value cargo or utilize the customized, specialized heavy-haul equipment, or undertake the complicated engineering and logistical planning that ATLAS HEAVY employs for its projects. Again, there is no confusing ATLAS HEAVY for the AWGI Parties.

---

[16] A search of the Federal Motor Carrier Safety Administration's Safety and Fitness Electronic Records (SAFER) database identifies more than 500 carriers using "ATLAS" in their names that hold authority to transport goods. *See* https://safer.fmcsa.dot.gov/keywordx.asp?searchstring=%2AATLAS%2A&SEARCHTYPE= (last accessed March 26, 2026).

## V.     CAUSES OF ACTION

### COUNT I - Declaratory Judgment of Trademark Non-Infringement

33.     ATLAS HEAVY incorporates the preceding paragraphs as if fully set forth herein.

34.     ATLAS HEAVY files this claim against the AWGI Parties for a declaration of rights with respect to federal trademark laws, over which the court is given jurisdiction by 28 U.S.C §§ 1331 and 1338 (trademark) and 28 U.S.C. § 2201 (declaratory judgment).

35.     The dispute is an actual controversy ripe for adjudication in that AWGI has written a formal cease-and-desist letter threatening suit, with a deadline to respond, and the AWGI Parties have taken legal action against others on trademark issues, suggesting that AWGI's letter threatening imminent suit is more than a mere threat.

36.     ATLAS HEAVY is not infringing and has not infringed or otherwise violated AWGI's alleged trademark rights, including any federally registered, common law, or other trademark rights to the Asserted Marks.

37.     ATLAS HEAVY therefore seeks a declaration of non-infringement, specifically that its use of "ATLAS HEAVY" does not infringe the Asserted Marks or constitute unfair competition pursuant to 15 U.S.C. § 1114 and/or § 1125.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ATLAS HEAVY pray for relief and judgment as follows:

   a.   A declaration of non-infringement, as requested herein.

   b.   Attorneys' fees and costs as permitted by law.

   c.   All other relief, in law and in equity, to which Plaintiffs may be entitled.

DATED: March 31, 2026                    Respectfully submitted,


                                         */s/ Michael K. Hurst*
                                         Michael K. Hurst
                                         Texas Bar No. 10316310
                                         mhurst@lynnllp.com
                                         Jared Eisenberg
                                         Texas Bar No. 24092382
                                         jeisenberg@lynnllp.com
                                         Oluwasayo Ayeomoni
                                         Texas Bar No. 24150798
                                         oayeomoni@lynnllp.com

                                         **LYNN PINKER HURST & SCHWEGMANN, LLP**
                                         2100 Ross Avenue, Suite 2700
                                         Dallas, Texas 75201
                                         Telephone: (214) 981-3832
                                         Facsimile: (214) 981-3839

                                         **ATTORNEYS FOR PLAINTIFFS**